## THOMAS J. TAYLOR v. THE STATE.

The failure of a defendant to appear in compliance with the condition of a recognizance is a forfeiture, and a judgment *nisi* is a declaration of record of the fact.

In taking such judgment *nisi*, it is not necessary to call the sureties, or to make the representative of a deceased surety a party before declaring the forfeiture.

Appeal from Smith.    Tried below before Hon. ———.

George Steen indicted for an assault with intent to kill and murder, upon conviction appealed to the Supreme Court, and executed his recognizance in compliance with Art. 471, (Hart. Dig.) with Thomas C. Steen, as his surety.   The Supreme Court dismissed the appeal, and certified the cause below for execution and observance.

At the Term following of the District Court for Smith county, the defendant, Steen, having made default, a judgment *nisi* was rendered against him on his recognizance, and also against Thomas J. Taylor, executor of Thomas C. Steen, who had died in the meantime; also awarding a *scire facias* to them to show cause at the next Term of the Court, &c.    At the next Term, Taylor appeared to the *scire facias*, and pleaded in abatement that his testator, Thomas C. Steen, had died before the judgment *nisi* was rendered, which was overruled. He then moved to quash the *scire facias*, because he as the legal representative of Steen had no notice that such judgment would be rendered, and because he as executor was not called to bring in the body of George Steen.   In his answer, Taylor set up substantially the matters contained in his plea and motion, to which the District Attorney excepted, and the exception was sustained, and judgment rendered for the State.

*B. T. Selman*, for appellant.

*Attorney General*, for the State.

WHEELER, J.   The recognizance was conditioned, in substantial compliance with the State, (Hart. Dig. Art. 471,) for the appearance of the defendant " at the next Term of the District Court," &c., and the failure of the defendant to appear accordingly was a forfeiture of the recognizance.   The judgment *nisi* was but a declaration of record of the forfeiture. It had no other effect than simply to ascertain the fact.   It was not necessary, in taking the judgment *nisi*, to call the sureties.   (The State v. Harrison, 4 Ala. R. 673.)   Notice to them would be of no effect ; and hence it was unnecessary to make the legal representative of the deceased surety a  party before declaring the forfeiture.   But it was necessary to make him a party before proceeding to final judgment ; and this was done, and the opportunity afforded him of making his defence as fully as his principal could have done, or as he could have done, if made a party before the declaration of the forfeiture.   There is no error in the judgment, and it is affirmed.

Judgment affirmed.