## CON MARA v. THE STATE.

### No. 1379. Decided April 20, 1898.

**1. Pursuing Occupation Without License—Bail Bond—Statement of Offense In.**

A bail bond given for the appearance of an accused to answer for an offense must state distinctly the name of the offense of which the accused is charged, and it must appear therefrom that he is accused of some offense against the laws of the State. Code Crim. Proc., art. 308. Held, where the bond recited the offense as "pursuing an occupation taxable by law without paying the tax or license," the bond was fatally defective in not stating what occupation was pursued, and it not being determinable from the face of the bond whether or not the occupation pursued was one taxed by law.

**2. Practice on Appeal—Briefs—Fundamental Error.**

On appeal, if a fundamental error is apparent of record, the court will review the same though the case be one which has not been briefed in accordance with the rules.

APPEAL from the County Court of Cooke. Tried below before Hon. J. P. HALL, County Judge.

Appeal from a judgment final for $200 on a forfeited bail bond.

The Assistant Attorney-General moved to dismiss the appeal because no briefs had been filed for appellant in the court below.

*W. R. Wheeler,* for appellant, moved to dismiss the appeal because the bail bond was fatally defective, citing McLaren v. State, 3 Texas Crim. App., 680; Dailey v. State, 4 Texas, 417; McAdams v. State, 10 Texas Crim. App., 317; Keppler v. State, 14 Texas Crim. App., 173; Foster v. State, 27 Texas, 236.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a judgment final upon a forfeited bail bond. The bond upon which the judgment was taken, among other things, recited: "The condition of the above obligation is this: that whereas, the above bounden H. S. Jones stands charged in the County Court of Cooke County, State of Texas, with the offense of 'pursuing an occupation taxable by law, without paying the tax, or license.'" This excerpt from the bond is copied, omitting the remainder, because it is upon this portion of the bond that the decision must rest. Jones was the principal in the bond, and Con Mara and M. W. Pannell were his sureties. Motion was made to quash the bond for various reasons, one being that the bond does not recite an offense against the law. The principal was charged with pursuing the occupation of traveling and selling patent and other medicines, said occupation being taxed by law, without first obtaining a license for that purpose, etc. Article 308, Code of Criminal Procedure, in providing the requisites of bail bonds, prescribes, among other things: "(2) That it state the name of the offense with

which the defendant is charged. (3) That the offense with which the defendant is accused, be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." All occupations are not taxed; certain occupations are. From the face of the bond it does not appear what occupation was pursued. We can not determine from the face of the bond whether or not the principal pursued an occupation taxed by law. It must appear from the bond that he pursued an occupation which was taxed by law, and, in order to do this, the occupation must be stated. The bond being fatally defective, a fundamental error appears in the record. The case stands before us as if there had been no bond, and we can revise the action of the court in overruling the motion to quash the same, though the case is not briefed according to the rules. The judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*