GENERAL BONDING & CASUALTY INS. CO. v. THE STATE.

No. 2051.  Decided May 28, 1913.

Rehearing denied January 28, 1914.

**1.—Scire Facias—Bill of Exceptions—Qualification.**

Where, in approving a bill of exceptions, the court does so with a qualifica-
tion which appellant accepts, he is bound by the qualification.  Following Blain
v. State, 34 Texas Crim. Rep., 448, and other cases.

**2.—Same—Dismissal—Principal—Procedure—Fugitive from Justice.**

Where, upon scire facias proceedings, the State dismissed as to the prin-
cipal on the bond and took judgment against the surety, and it is shown by the
record on appeal that the principal was a fugitive from justice, there was no
reversible error; besides, the statutory provision which forbids the taking of a
judgment against the sureties after a discontinuance as to the principal in a
civil suit upon a contract is not applicable to scire facias proceedings.  Follow-
ing Gay v. State, 20 Texas, 504, and other cases.  Distinguishing Brown v. State,
40 Texas, 49; Blalock v. State, 35 Texas, 89.

**3.—Same—Rule Stated—Bail Bond—Joint Obligors.**

A bail bond has been held, and is in fact, a joint and several obligation,
and a dismissal as to one bondsman thereby does not prevent a judgment being
entered against another who is bound thereby, and there was, therefore, no

error in dismissing as to the principal in the bail bond and taking judgment against the surety.

**4.—Same—Judgment Nisi—Date of Appearance—Variance.**

Where the bail bond required the defendant to appear at a certain court instanter, and the judgment nisi stated that he was to appear on the —— day of —— 191—, and from day to day, etc., there was no variance, as the latter stated no date of appearance, and the Code does not require that such date be stated either in the judgment nisi or in the scire facias.

**5.—Same—Pleading—Citation—General Demurrer.**

Where, upon scire facias proceeding, the citation was sufficient and gave defendants notice of the cause of action, the same was good as against a general demurrer; besides, the citation and judgment nisi contained all the statutory requirements, and there was no error. Davidson, Judge, dissenting.

**6.—Same—Hypercritical Objections.**

The contention that the allegation in the citation failed to allege that defendant failed to appear before "said court" is hypercritical, the citation being otherwise sufficient.

**7.—Same—Date of Appearance—Sufficiency of the Evidence.**

It is not essential in a judgment nisi that it state the date of appearance of defendant as well as the date of the bond, and where the final judgment showed that all the requirements of the statutes had been complied with, there was no reversible error. Davidson, Judge, dissenting.

**8.—Same—Words and Phrases—Surplusage.**

The contention that as there was but one surety and the case was dismissed as to the principal, the use of the word, "each," in the judgment nisi invalidated the same is not well taken, and such a word may be treated as surplusage.

**9.—Same—Scire Facias—Jurisdiction—Record.**

A scire facias can only issue from the court having possession of the record on which it is found; the jurisdiction is determined by the record without regard to the residence of the parties or the sum in dispute.

**10.—Same—Rule Stated—Court Pronouncing Judgment.**

If a scire facias proceeding is based on a judgment, it must be prosecuted and a writ issued in the court pronouncing judgment, and if the proceeding is based on a recognizance, bail bond, or other obligation in writing filed in the court, it must be regarded as a record of the court, and the scire facias must be prosecuted in that court.

**11.—Same—Rule Stated—Forfeiture.**

A scire facias on a forfeited recognizance can only issue from that court which has the record upon which it is founded.

**12.—Same—Jurisdiction—Forfeiture.**

Where the court forfeiting the bail bond had both physical and legal possession of the record and jurisdiction of the cause wherein the forfeiture was taken, the same had jurisdiction, and there was no error.

**13.—Same—Proof Necessary—Judgment Nisi—General Denial.**

Where, upon scire facias proceedings, the defendant filed a general demurrer and a general denial, the first being overruled, and the State put in evidence the bail bond and the judgment nisi the cause of action is proved and the final judgment sustained. Following Houston v. State, 13 Texas Crim. App., 560, and other cases.

**14.—Same—Bail Bond—Criminal Action—Civil Action.**

The amendment of the Code in 1876 did not change the forfeiture of bail bond from a criminal action to a civil action and scire facias cases are criminal and not civil cases. Following Cassaday v. State, 4 Texas Crim. App., 96, and other cases. Davidson, Judge, dissenting.

**15.—Same—District Court—Jurisdiction—Statutes Construed—Transfer.**

Under the Act of the Thirty-second Legislature, the Criminal District Court of Dallas County, and the Criminal District Court No. 2 of Dallas County exercise concurrent jurisdiction in all felony causes and all matters and proceedings therein, and the judges thereof may in their discretion transfer any cause from one to the other, and the contention that a bond taken in the Criminal District Court of Dallas County and transferred to the Criminal District Court No. 2 of Dallas County could not be forfeited in the latter in the absence of the order of transfer in the record is not well taken, and there was no error; besides, there was such transfer. Davidson, Judge, dissenting.

**16.—Same—Evidence of Transfer—Jurisdiction—Practice.**

Where, upon scire facias proceedings, it appeared that the Criminal District Court of Dallas County had transferred a felony case to the Second Criminal District Court of Dallas County wherein the forfeiture of the bail bond was taken, there was no necessity that the order of such transfer be introduced in evidence in the forfeiture proceedings, and while the clerk should copy all orders and judgments in the case in the transcript, his not doing so, would not oust the court of jurisdiction, unless the same is questioned, etc., and if such orders were in fact entered in the court a quo, a copy thereof can be filed in answer to such objections.

**17.—Same—Evidence—Description of Court—Bail Bond.**

Where the original bail bond conditioned the appearance of the defendant in the Criminal District Court of Dallas County, and the cause was thereafter transferred to the Criminal District Court No. 2 of Dallas County wherein the forfeiture was declared, there was no error in admitting in evidence the original bond, the latter court being the one in which the cause is pending and which has possession of the record, and it was not necessary that such transfer of the cause be recited in the judgment nisi, defendant having specific notice by the citation. Davidson, Judge, dissenting.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Barry Miller.

Appeal from a judgment final upon a judgment nisi in the sum of $1500.

The opinion states the case.

*T. L. Camp* and *Walter M. Nold* and *W. F. Ramsey* and *C. L. Black,* for appellant.—On question that judgment nisi is void: State v. Cox, 25 Texas, 404; Barringer v. State, 27 id., 553; Sellman v. Lee, 55 id., 319; Cushman v. State, 38 id., 181; Watkins v. State, 16 Texas Crim. App., 646.

On question of insufficiency of citation: Davidson v. State, 20 Texas, 649; State v. Williams, 8 id., 384, and cases supra.

On question of dismissing as to principals: Brown v. State, 40 Texas, 49; Blalock v. State, 35 id., 89; Huntley v. State, 65 Texas Crim. Rep., 275, 143 S. W. Rep., 1166.

On question of insufficiency of the evidence: Thomas et al. v. State,

59 Texas Crim. Rep., 159, 127 S. W. Rep., 1030, and cases cited in opinion.

On question of impossible date and description of court: Moseley v. State, 37 Texas Crim. Rep., 18; Burnett v. State, 18 Texas Crim. App., 283; Thomas v. State, 12 id., 417; Downs v. State, 7 id., 483; Watkins v. State, 16 id., 646; Thomas v. State, 59 Texas Crim. Rep., 159, 127 S. W. Rep., 1030.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—In this case it appears that one Henry Jackson entered into a bail bond to make his personal appearance before the Criminal District Court of Dallas County, the bond reciting that, "Whereas, the above bounden Henry Jackson stands legally charged in the Criminal District Court of Dallas County with the offense of a felony against the peace and dignity of the State, Now the condition of the above bond is such, that if the above bounden Henry Jackson shall make his personal appearance as required by law, before the Honorable Criminal District Court of Dallas County, Texas, at the present term thereof at the courthouse in the City of Dallas in the county and State aforesaid, instanter, and there remain from day to day and term to term of said court. And not depart until discharged by due course of law, then and there to answer said above described charge, then in this case, the above bond to be null and void, otherwise to be and remain in full force and effect." This bond was dated October 21, 1911, and thereafter this cause was transferred to District Court No. 2, in Dallas County, Texas, and on March 18, 1912, the defendant failing to make his appearance, the bond was declared forfeited, and citation ordered issued on the judgment nisi entered on the bond. The citation was issued on the 19th day of March, 1912, and was served on the 20th day of March, 1912, the said citation reading as follows:

"Whereas, in a certain criminal cause pending in the Criminal District Court No. 2 of Dallas County, Texas, entitled, The State of Texas v. Henry Jackson, No. 124, wherein the said Henry Jackson is charged by indictment with the offense of murder, on the 21st day of October, A. D. 1911, the said defendant, Henry Jackson, did enter into a bond with the General Bonding & Casualty Ins. Co. as his surety in the penal sum of fifteen hundred dollars, conditioned that the said Henry Jackson would make his personal appearance before the Criminal District Court of Dallas County, Texas, to answer said indictment, and there to remain from day to day and from term to term of said court until legally discharged; and whereas, said cause has been transferred to the Criminal District Court No. 2 of said county, and the said Henry Jackson did, on the 18th day of March, A. D. 1912, when the said cause was called for trial in said court, fail to make his personal appearance before said court to answer the said accusation, whereupon his name was, by order of the court, called distinctly, at the courthouse door, and the said Henry

Jackson not having appeared within a reasonable time after such call was made, it was considered, adjudged and decreed by the court, that the said bond be declared forfeited, and that the State of Texas do have and recover of and from the said Henry Jackson, as principal and of and from the said General Bonding & Casualty Ins. Co. as his surety the sum of fifteen hundred dollars, and it was ordered, adjudged and decreed by the court that the said judgment would be made final, unless good cause be shown, at the next term of the court, why the defendant, Henry Jackson, did not appear.

"This is therefore to command you, that you summôn the said Henry Jackson, principal, and the General Bonding & Casualty Ins. Co., surety on said bond to be and appear before the next term of the Criminal District Court No. 2 of Dallas County, Texas, to be begun and holden at the courthouse in the town of Dallas on that 1st day of April, A. D. 1912, and show cause why the forfeiture of said bond should not be made final.

"Herein fail not, but have you then and there this writ, with your return thereon, showing how you have executed the same."

Thereafter on the 1st day of April, 1912, the General Bonding & Casualty Ins. Co. filed an answer, first demurring to "plaintiff's petition and says that the matters and things therein plead, are insufficient in law," praying the judgment of the court, and then files a general denial, and says that this defendant "denies each and every allegation in plaintiff's petition contained, and demands strict proof thereof." This is all the answer filed.

When the case was called for trial, the plaintiff dismissed as to Henry Jackson, the principal in the bond, and to the action of the court in permitting the State to dismiss as to Jackson the defendant reserved a bill of exceptions, on the ground that it was not shown that said defendant resided beyond the limits of the State, or that his residence was unknown, or that he was dead, or actually or notoriously insolvent, etc. In approving the bill the court does so with this qualificaton: "The record shows that Jackson was a refugee from justice and that he could not be found." Having accepted the bill as thus qualified, the appellant is bound by the recitations of the qualification. (Blain v. State, 34 Texas Crim. Rep., 448; Hardy v. State, 31 Texas Crim. Rep., 289; Levine v. State, 35 Texas Crim. Rep., 647; Brown v. State, 32 Texas Crim. Rep., 119; Boyett v. State, 2 Texas Crim. App., 93.) This has been the unbroken rule in this court, and as qualified by the court it is shown that it was impossible to get service on the principal named in the bond, as he was a refugee from justice. Under these circumstances it has been decided, that a dismissal as to the principal would not be improper, and would not prevent a judgment against the surety. In an early case, when the Supreme Court had jurisdiction in criminal cases, that court, Judge Wheeler rendering the decision in Gay v. State, 20 Texas, 504, held: "A suit on a forfeited recognizance, conditioned for a party's appearance to answer to an indictment, it has

been held, is not a civil action. Commonwealth v. The County Commissioner, 8 Serg. & R., 151. It is, it is said, of a criminal nature, 'an instrument to coerce the appearance of the accused to take his trial—a power incident to every criminal court; a power to commit to prison, to deliver on the recognizance into the custody of the bail; these manucaptors being his jailers, and he is constantly in a state of commitment. Though the action is not directly to punish the offender, yet it partakes of punishment for an offense against the State, and is not in the nature of a violation of a contract. Besides, a recognizance is a matter of record, and when forfeited, it is in the nature, in some respects, of a judgment of record.' Id., 154. It is an obligation of record; and differs from another bond in this, that it is the acknowledgment of a debt upon record. 5 Tex., 271; 2 Bl. Com., 341. Such being the nature of a recognizance, the statutory provision which forbids the taking of judgment against the sureties, after a discontinuance as to the principal in a civil suit upon a contract, is not applicable to this proceeding. Besides, in a recognizance the relation of principal and surety does not exist as in other bonds or contracts. The surety differs from bail in this, that the latter actually has, or is by law presumed to have, the custody of his principal, while the former has no control over him. The bail may surrender his principal in discharge of his obligation; the surety can not discharge himself by such surrender. The undertaking of the bail is an original undertaking for the appearance of his principal, to answer to the indictment; and hence, if he does not have his principal in court according to his undertaking, he forfeits his recognizance, and it becomes a debt of record, and he a principal judgment debtor, as between himself and the State. There was, therefore, no error in adjudging a forfeiture as to the bail, although the State dismissed the proceeding as to the principal cognizor."

The appellant cites us to the case of Brown v. State, 40 Texas, 49. In that case the judgment was reversed because there was no final disposition of the case as to one of the sureties, either of dismissal or otherwise. It is elementary that the judgment must dispose of all parties to the suit by dismissal or otherwise. In this case there was a dismissal as to the principal, for good reason shown of record as stated by the judge in his qualification of the bill. We are also referred to the case of Blalock v. State, 35 Texas, 89, in which it was held that the judgment should dispose of all parties to the suit. In this case all parties are disposed of by the judgment. We are also referred to articles 1204, 3818 and 3819 of the Revised Statutes. In article 1204, it is provided that the surety may be sued only in those instances, as applicable to this case, "when the residence of the principal is unknown." If being a refugee from justice does not meet that requirement, we are unable to conceive a case which would do so. We are also referred to article 3818, in which it is provided that the surety shall not be liable unless a judgment has been rendered against his principal, except in the cases provided for in article 1204. As herein before stated, the contingencies

provided for in article 1204 were shown by the record, and the qualifica-tion of the judge, to exist, therefore, we hold that the dismissal as to the principal, he being "a refugee from justice," did not prevent a judgment from being rendered against the sureties on his bond. A bail bond has been held and is in fact a joint and several obligation, and the dismissal as to one bondsman thereby does not prevent a judgment being entered against another who is bound thereby. (Mathena v. State, 15 Texas Crim. App., 460; Allee v. State, 28 Texas Crim. App., 531; Thompson v. State, 34 Texas Crim. Rep., 135.)

To treat this as a civil case, we would be authorized to consider all the assignments of error assigned on the motion for new trial. The assignments read as follows: "First assignment of error. The trial court erred in dismissing said cause, over the objection of the defendant surety, the General Bonding & Casualty Insurance Company, as' to the principal defendant, Henry Jackson, because it was not shown by evidence or otherwise that the principal obligor, Henry Jackson, resided beyond the limits of the State, or in such part of the same that he could not be reached by the ordinary process of law, or that his residence was unknown and could not be ascertained by the use of reasonable diligence, or that he was dead, or actually or notoriously insolvent.

"Second assignment of error. The judgment of the court rendered herein is contrary to the law and evidence.

"Third assignment of error. The trial court erred in overruling defendant's motion to set aside the judgment herein rendered and grant a new trial in this cause."

These are all the assignments of error contained in the record. If in fact the judgment nisi had stated a different date for appearance of the defendant than that stated in the bond, and appellants at the time it was offered in evidence had objected to its introduction on the ground of a variance between it and the bond as to the date of appearance of defendant, a different question would be presented. But as the judgment nisi stated no date of appearance, and the Code does not require that such date be stated either in the judgment nisi or in the scire facias no variance is apparent. None of the cases cited by appellant support his contention, but they all, and other cases, hold that the citation is, in this character of case, the petition of plaintiff, and upon it the State must rely for a judgment. If the allegations of the citation are insufficient to sustain a judgment, the cause of action fails, but if the citation is sufficient and gives defendant notice of the cause of action, then the same is good as against a general demurrer, and that is all that was filed in this case. Besides, the judgment nisi and citation contain all the statutory requirements.

The second assignment of error is that "the trial court erred in rendering final judgment upon the judgment nisi herein, because said judgment nisi as entered of record is not such a judgment that the State of Texas can recover from the surety the amount of money for which it was bound. The judgment nisi reads as follows:

"This day this cause was called for trial, and thereupon came the State of Texas by her county attorney, but the defendant, Henry Jackson, failed to appear and answer in this behalf and thereupon his name was called distinctly at the door of the courthouse, and a reasonable time given him after such call was made in which to appear, yet the said defendant came not, but wholly made default; and it appearing to the court that the defendant, Henry Jackson, as principal, together with General Bonding & Casualty Ins. Co. as surety, did, on, towit: the 21st day of October, A. D. 1911, enter into a bond payable to the State of Texas, in the penal sum of fifteen hundred dollars, conditioned that the defendant, as principal, should well and truly make his personal appearance before the Honorable Criminal District Court No. 2, of Dallas County, Texas, at the courthouse of said county, in the City of Dallas on the .......... day of ........, 191.., ................ and there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment therein filed, accusing him of the offense of murder.

"It is therefore considered by the court, that the State is entitled to a forfeiture of said bond, and it is ordered, adjudged and decreed by the court, that the State of Texas do have and recover of and from the said Henry Jackson as principal, the sum of fifteen hundred dollars; and in like manner that the State of Texas do have and recover of and from the said General Bonding & Casualty Ins. Co., as sureties, the sum of fifteen hundred dollars each, and that this judgment will be made final unless good cause be shown at the next term of this court why said defendant did not appear."

It is seen that the assignment is not well taken, as are neither of the propositions thereunder stated.

The third assignment of error reads as follows: "The trial court erred in not sustaining the general demurrer to plaintiff's petition, because said petition does not allege facts constituting a cause of action, in that it does not name the court in which the alleged forfeiture of the bond was taken." By reading the citation hereinbefore copied it will be seen that it does name the court, and that defendant being called, did not make his appearance. The allegation that he failed to appear before "said court" is hypercritical. The citation had theretofore named the court before which defendant was to appear.

The fourth assignment is that the court erred in dismissing as to the principal in the bond. This has been heretofore discussed herein.

The only other proposition is that the court erred in overruling appellant's motion for a new trial, because the judgment is against the law and the evidence. The evidence shows that Jackson entered into a bond for his appearance before the court, and that appellant was surety on the bond. The bond is drawn in form frequently approved by this court, and was conditioned for his appearance instanter, and from day to day thereafter upon a charge legally presented; that he thereafter

failed to appear, and judgment nisi was ordered entered. In entering the judgment nisi, as heretofore herein shown, the clerk failed to enter the date of appearance, and the condition that he was thereafter to appear from day to day until said cause was disposed of, but the record clearly shows that Jackson did enter into a bond, conditioned for his appearance, with appellant as surety thereon, and thereafter when called, failed to appear. Under such circumstances does the failure to state in the judgment nisi when the appearance was to be made render it fatally defective? The judgment shows that the bond was entered into on the 21st day of October, 1911, and Jackson made default on March 18, 1912, when his case was called for trial. While it is true that this court has held that if the nisi judgment is not a valid judgment, the whole proceedings must fail. This is discussed by Judge White in Watkins v. State, 16 Texas Crim. App., 646, and authorities cited, but it is there stated, to render the judgment invalid, it must be lacking in some statutory requirement. In this case the judgment is in compliance with the terms of the Code, and meets all the requirements there made. (Art. 477, Code Criminal Procedure.) While we think it would be better to name the date of appearance in the judgment nisi, as well as the date of the bond, yet for us to hold that allegation essential to a judgment nisi would be for us to add to the Code and make requirements not there made. Article 489 (477) of the Code of Criminal Procedure reads:

"Recognizances and bail bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the door of the courthouse, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties the amount of money in which they are respectfully bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear."

In Taylor v. State, 21 Texas, 499, it is held that a failure to appear is a forfeiture of the bond, and the judgment nisi is but a declaration of record of the forfeiture. The Code also provides for the issuance of citation on a forfeited bail bond, and the requisites of the citation. It is said a citation shall be sufficient if it contains the following requisites: "1. It shall run 'In the name of the State of Texas.' 2. It shall be directed to the sheriff or any constable of the county where the surety resides or is to be found. 3. It shall state the name of the principal in such recognizance or bail bond and the names of his sureties. 4. It shall state the date of such recognizance or bail bond and the offense with which the principal is charged. 5. It shall state that such recognizance or bail bond has been declared forfeited, naming the court before which the forfeiture was taken, the time when taken, and the amount for which it was taken against each party thereto. 6. It shall notify the surety to appear at the next term of the court and show cause why

the forfeiture shall not be made final.   7.   It shall be signed and attested officially by the court or clerk issuing the same."

By reading these articles of the Code and the citation and judgment hereinbefore copied, it is seen that all requisites of the Code were fully complied with in entering the judgment, and in the issuance of the citation thereon.· It also appears from the record that the sureties on the bond appeared, and offered no defense other than a general denial, and a demurrer to the sufficiency of the pleading.   The general denial was met by the introduction of the bond in evidence, and we think the pleadings were good as against a general demurrer—all that was interposed.

The contention is that as there was but one surety, the use of the word "each" in the judgment nisi invalidates it, because it renders it uncertain.   The word might be said to apply to Jackson and his surety, and if so, it is provided the judgment shall so read.   But if the language does not authorize such construction, then the word "each" would not invalidate the judgment when only one surety was named; it would and should be treated as surplusage.

None of the cases cited by appellant sustain his contention in this case.   They hold, and correctly so, that the citation—judgment nisi must comply with all the statutory requirements.   In this instance they are complied with, and the defect pointed out, if defect it be, is not such an one as to render the judgment nisi void.

The judgment is affirmed.

                                                    *Affirmed.*

### ON REHEARING.

#### January 28, 1914.

HARPER, JUDGE.—This case was affirmed at the last term of this court, and motion for rehearing filed in time required by law.   At the request of appellant the case was continued until this term of the court to give them ample time to investigate the questions involved and file a brief herein, additional counsel having been employed in the case on the motion for rehearing.   Very able and exhaustive briefs have been filed, and in the main we agree with all the propositions of law therein stated, but unfortunately for appellant the authorities cited by him show that Criminal District Court No. 2 of Dallas County was the only court that could have declared a forfeiture of the bail bond,—it having jurisdiction of the offense, and possession of the record at the time the forfeiture was declared.   In this able brief counsel for appellant cite the following authorities, and to which we agree:

"First.   A scire facias can only issue from the court having possession of the record on which it is founded; the jurisdiction is determined by the record without regard to the residence of the parties or the sum in dispute."   35 Cyc., p. 1151.

If a scire facias proceedings is based on a judgment it must be prosecuted and a writ issued in the court pronouncing judgment and if the

proceeding is based on a recognizance, bail bond or other obligation in writing, filed in the court, it must be regarded as a record of the court and the scire facias must be prosecuted in that court. (See Commonwealth v. Downey, 9 Mass., 520; Boylan v. Anderson, 3d N. J. L., 529.)

"A scire facias on a forfeited recognizance can only issue from that court which has the record upon which it is founded." (See State v. Kinne, 39 N. H., 129.)

Applying the same general principle, see Garner v. Smith, 40 Texas, 505.

If the court that forfeited the bond did not, in law, have the possession of the record, and jurisdiction of the cause, we would readily agree that the forfeiture should not have been taken, but as will hereinafter be shown, the court forfeiting the bond, had both physical and legal possession of the record, and jurisdiction of the cause wherein the forfeiture was taken. Again, in their assignment, an expression in the original opinion, "The general denial was met by the introduction of the bond in evidence," is copied and criticized, and it is insisted that this is not the law, but the State was compelled to introduce both the bond and the judgment nisi to meet the general denial. This we readily concede and agree to be the law, as announced in the following cases, cited by appellant: This court has heretofore many times expressly held that the effect of a general denial in a case like this one is, to require the State to make proof of all the material allegations of the scire facias. (See Goodin v. State, 14 Texas Crim. App., 443; Short v. State, 16 Texas Crim. App., 44; McWhorter v. State, 14 Texas Crim. App., 239; Houston v. State, 13 Texas Crim. App., 560; Baker v. State, 21 Texas Crim. App., 359; Branch on Criminal Law, sec. 123.)

Mr. Branch states the rule as follows: "A general denial puts in issue all material allegations in the scire facias and burden of proof is on the State to make out its case," citing authorities.

Now, what constitutes the State's case? From Houston v. State, 13 Texas Crim. App., 560, we give the answer as follows: "A proceeding upon a forfeited bail bond is, in effect, a suit upon the bond, in which the scire facias serves the purpose of both a petition and a citation. Its foundation is the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. To entitle the State to a judgment final, it must prove the cause of action as in a civil suit. This proof is made by, first, the bond, and, second, the judgment nisi declaring its forfeiture."

For the same effect, see McWhorter v. State, 14 Texas Crim. App., 239; Goodin v. State, 14 Texas Crim. App., 442, 443, and Arrington v. State, 13 Texas Crim. App., 554.

As hereinbefore stated we heartily concur in these rules of law, but the original opinion and the record show that both the *bond and the judgment nisi* were introduced in evidence, and the inapt expressions used in paragraphs of the opinion, need not so lengthily have been discussed, when the record and the opinion rendered both show and recite

that both the bond and judgment nisi were introduced in evidence. But to brush aside these matters, and get down to the real issues presented; appellant contends that when the opinion in the Gay case, cited in the original opinion, was rendered, proceedings to recover on forfeited bail bonds were regarded as criminal actions, but by the amendment to the Code in 1876 they were changed to civil actions. But this question has been so often before this court and the Supreme Court and decided adversely to appellant's contention, we do not deem it necessary to discuss the matter. In the case of Jeter v. State, 86 Texas, 555, it was decided by the Supreme Court that scire facias cases are criminal and not civil cases. See also Aber v. Warden, 49 Texas, 377; State v. Morgan, 4 Texas Crim. App., 33; Cassaday v. State, 4 Texas Crim. App., 96; State v. Ward, 9 Texas Crim. App., 462. In fact that this appeal lies to this court and not to the Supreme Court, is conclusive that it is a criminal and not a civil case. If it was a civil case we would have no jurisdiction. By reference to chap. IV of the Code of Criminal Procedure of 1856, it will be seen that only very slight changes were made in these articles in 1876, or since that date, and the law as announced in the case of Gay v. State, 20 Texas, 504, has never been seriously questioned until in this case, and we think the law as announced in that case is correct and we adhere to it. Appellant cites no authorities holding to the contrary, but as demonstrated in the original opinion and cases there cited, that ruling was correct under our Code of Procedure.

The only other question raised, and we doubt very seriously whether or not it was raised in the court below, as evidenced by the assignments of error copied in the original opinion, is that as the bond was taken in the Criminal District Court of Dallas County, and the forfeiture rendered in the Criminal District Court No. 2, and there being no order of transfer in the record, Criminal District No. 2 was without authority and jurisdiction to render the forfeiture, and the judgment should for this reason be reversed. Although not raised in the court below, as we read this record, yet when presented in a motion for rehearing with such force we, of our own motion, ordered the District Clerk of Dallas County to send up certified copied of all orders and judgments, as evidenced by the minutes of the court, entered of record in the case of Henry Jackson, whose bond this surety made. And the first order and judgment we find after the order showing the indictment, was properly presented in court, is as follows:

"Thursday, December 21, 1911.

"It is ordered by the court that the following cause be transferred to the Criminal District Court No. 2 of Dallas County for trial and final adjudication; 10889—The State of Texas v. Henry Jackson."

Thus evidencing the fact that the case had been legally transferred to the court in which the forfeiture was taken, and that court and that court alone had jurisdiction of the offense, and legal and physical possession of the record in the case when the forfeiture was taken on March 12, 1912. Appellant cites, in his brief, many cases under the law au-

thorizing a change of venue in cases, but none of them have application
to this case.  No order was entered under that provision of the Code,
but the proceedings herein were had and authorized by chapter 19 of
the Acts of the Special Session of the Thirty-second Legislature, cre-
ating Criminal District Court No. 2, for Dallas County.  The first two
sections of that Act read:

"Section 1.  That there is hereby created and established at the city
of Dallas a Criminal District Court to be known as the 'Criminal Dis-
trict Court No. 2 of Dallas County,' which court shall have and exercise
concurrent jurisdiction with the Criminal District Court of Dallas
County, Texas, as now given and exercised by the said Criminal District
Court of Dallas County, under the Constitution and laws of the State
of Texas.                                                              '

"Sec. 2.  From and after the time this law shall take effect the Crim-
inal District Court of Dallas County, and the Criminal District Court
No. 2 of Dallas County shall have and exercise concurrent jurisdiction
with each other in all felony causes and in all matters and proceedings
of which the said Criminal District Court of Dallas County now has
jurisdiction; and either of the judges of said Criminal District Court
may in their discretion transfer any cause or causes that may at any
time be pending in his court to the other Criminal District Court by
an order or orders entered upon the minutes of his court; and where
such transfer or transfers are made the clerk of such District Court
shall enter such cause or causes upon the docket to which such transfer
or transfers are made, and, when so entered upon the docket, the judge
shall try and dispose of said cause in the same manner as if such causes
were originally instituted in said court."

While, of course, it would have been proper, and the clerk ought to
have copied all orders and judgments entered in the case in the trans-
script, yet, it was not necessary that the transfer be introduced in evi-
dence.  If the transcript on appeal does not show the order changing
the venue, or the order as copied in the transcript would present error,
this court may by certiorari have the clerk of the court in which the
indictment was returned, send up a correct transcript of the order.  This
question is so thoroughly discussed and decided in the case of Vance v.
State, 34 Texas Crim. Rep., 395, in an opinion by Judge Henderson,
and in Biggerstaff v. State, 59 Texas Crim. Rep., 575, 129 S. W. Rep.,
840, in an opinion by Judge Ramsey, we do not deem it necessary to dis-
cuss it, for we could add nothing to the able reasoning of those cases,
and the law is as therein decided, we think, beyond question.  In the
case of Cummings v. State, 37 Texas Crim. Rep., 436, it was held that
where the Legislature authorized judges of the Thirty-seventh and
Forty-fifth Judicial Districts to transfer causes from one court to the
other, and where this has been done *without a copy of the orders of
transfer,* this does not invalidate the jurisdiction of the court to which
the case has been transferred, and if the jurisdiction be attacked upon
this ground, it is sufficient answer that the proper orders were entered in

the court "a quo" and copy of said orders could then be filed even in answer to a motion in arrest of judgment. As in that case, in this case, the law does not require that a copy of the order of transfer accompany the record, but as said by Judge Davidson in that case, it would be more regular for it to do so, but in case it does not do so, the order may be filed when the question is first raised, even after judgment. And it has been held by this court even under the change of venue statute, that it is error for the court to admit in evidence on the trial of the case, the order changing the venue,—that the court takes notice of such facts, if the order is with the papers in the case, and in case this is not questioned in the trial court as in this case, no question as to that matter would be presented for review. Shamburger v. State, 24 Texas Crim. App., 433. Had this question been raised in the court below, doubtless the transcript as originally presented in this court, would have shown the order, but this order as made was for the court alone, and as held by all the decisions, it was not necessary to be introduced in the trial of the case.

Appellant's able counsel devoted the main part of their argument to this question on motion for rehearing, doubtless induced to do so by the fact that the transcript as originally filed in this court did not contain the order of transfer, but as herein shown the order was made and properly entered in the minutes of the court prior to the time of the transfer of the case, and under the law as passed by the Thirty-second Legislature at its special session hereinbefore cited, Criminal District Court No. 2 was authorized to declare a forfeiture of the bond, and the proceedings are regular in every respect.

The further contention is made that the bond introduced in evidence was conditioned for the appearance of Jackson in the Criminal District Court of Dallas County, and no other court could declare a forfeiture. To so hold would nullify the Act of the Legislature above quoted which created the second Criminal District Court in Dallas County and authorized the transfer of causes. When the case was transferred on December 21st by the Criminal District Court to Criminal District Court No. 2, then the bond under the law was conditioned for his appearance in that court. In change of venue cases the law requires a new bond, but in this case where two courts are created in the same territory, where only one existed before, under the terms and conditions of the law giving them concurrent jurisdiction, and authorizing the transfer of causes from one court to the other, no new bond was required, but the bond already in existence continues to be responsible for his appearance in that branch of the court to which it was transferred under this Act. The scire facias in this case, which is the petition, recites that the bond was taken in a case pending in the Criminal District Court of Dallas County, and thereafter transferred to Criminal District Court No. 2, in which said bond was forfeited, and appellant was thus given specific notice of all the steps taken in the matter, and yet in the court below as shown by the assignments of error in the original opinion, no such objections were

there urged as are here now sought to be urged. The fact that *judgment nisi* did not also recite that it had been transferred would not render the judgment inadmissible, had it been objected to on that ground but no such objection was made when it was offered and introduced in evidence. The facts recited in the judgment nisi, and in the citation or scire facias, both of which are copied in the original opinion, show that it was the bond introduced in evidence which had been forfeited, and the one on which the State sought a recovery, and after the case was transferred, Criminal District Court No. 2 was authorized to declare a forfeiture, for it then was conditioned for his appearance before that court under the law creating that court, and it was the court in which the cause was pending, and the record was in that court.

The motion for rehearing is overruled.

*Overruled.*

Davidson, Judge, dissents.

April 22, 1914.

DAVIDSON, JUDGE (dissenting).—I am unable to agree with the majority of the court in the disposition made of this case. It seems to me that, under well settled rules, the case should be reversed and remanded, and I will undertake to state the reasons for my belief.

This is a scire facias proceeding, and the State relies upon a bond which, omitting the first part, wherein the obligation of the parties is acknowledged, is as follows:

"Whereas, the above bounden, Henry Jackson, stands legally charged in the *Criminal District Court of Dallas County* with the offense of a felony against the peace and dignity of the State; now the condition of the above bond is such that if the above bounden, Henry Jackson, shall make his personal appearance as required by law before the Honorable *Criminal District Court of Dallas County,* Texas, at the present term thereof, at the courthouse in the City of Dallas in said county and State aforesaid, instanter, and there remain from day to day and term to term of said court and not depart until discharged by due course of law, then and there to answer said above charge, then in this case the above bond to be null and void, otherwise to be and remain in full force and effect.

"Witness our hands this the 21st day of October, 1911."

The bond is signed by Henry Jackson, as principal, and the appellant herein as surety. It appears plainly from this bond that it was taken in Criminal District Court of Dallas County to answer an indictment pending in said court and that it contains the condition that the defendant, Henry Jackson, shall make his personal appearance before that court instanter. The record shows that the bond was filed on November 4, 1911, in the Criminal District Court of Dallas County. In addition to this bond, and in order to establish the breach and forfeiture thereof, the State introduced a certain judgment nisi entered in Criminal District Court of Dallas County No. 2, said judgment nisi being as follows:

"The State of Texas.          Criminal District Court No. 2,
  "No. 13.  vs.              Dallas County, January Term,
"Henry Jackson.          1912, the 18th day of March, 1912.

"This day this cause was called for trial, and thereupon came the State of Texas by her county attorney, but the defendant, Henry Jackson, failed to appear and answer in this behalf and thereupon his name was called distinctly at the door of the courthouse and a reasonable time given him after such call was made in which to appear, yet the said defendant came not, but wholly made default; and it appearing to the court that the defendant, Henry Jackson, as principal, together with General Bonding & Casualty Ins. Co., as sureties, did, on, towit, the 21st day of October, A. D. 1911, enter into a bond, payable to the State of Texas, in the penal sum of fifteen hundred dollars, conditioned that the defendant, as principal, should well and truly make his personal appearance before the Honorable Criminal District Court No. 2 of Dallas County, Texas, at the courthouse of said county, in the city of Dallas, on the ....... day of ........., 191.., and there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment therein filed, accusing him of the offense of murder. It is therefore considered by the court that the State of Texas is entitled to a forfeiture of said bond, and it is ordered, adjudged and decreed by the court that the State of Texas do have and recover of and from the said Henry Jackson, as principal, the sum of fifteen hundred dollars, and in like manner that the State of Texas do have and recover of and from the said General Bonding & Casualty Ins. Co., as sureties, the sum of fifteen hundred dollars each, and that this judgment will be made final unless good cause be shown at the next term of this court why said defendant did not appear."

The bond, the material part of which is above quoted, and the above judgment nisi, constitute the entire statement of facts and all the evidence relied upon by the State. The appellant's first assignment of error is, in substance, that the trial court erred in rendering judgment on the judgment nisi above copied, because said judgment nisi materially misstated the conditions of the bond, and in effect was based upon another and different bond. In the statement following this assignment, the appellant calls attention to the fact that the bond contained the condition that the defendant should make his personal appearance before the Criminal District Court of Dallas County instanter, while the judgment nisi is based upon a bond containing the condition that the defendant should make his appearance before Criminal District Court No. 2 of Dallas County, Texas, on the .......... day of ........., 191... Mr. Branch, in his work on Criminal Law, sec. 118, says: "A judgment nisi is fatally defective if it materially misstates the condition of the obligation," and also in sec. 124, he says: "Variance between the bond and the judgment nisi as to the conditions of the bond is fatal." Among the cases cited by the author is that of Werbiski v.

State, 20 Texas Crim. App., 133, which pointedly supports the text. I am of the opinion that this judgment nisi materially misstates the conditions of the bail bond introduced by the State in two important respects:

First. The bond introduced by the State contains the condition that the defendant should make his appearance instanter. The judgment nisi is based upon a bond containing the condition that the defendant should make his appearance on the ........ day of ........, 191... A bond containing the latter condition is a void bond. (See Wegner v. State, 28 Texas Crim. App., 419; Sloan v. State, 39 Texas Crim. Rep., 63; Mackey v. State, 38 Texas Crim. Rep., 24; Butler v. State, 31 Texas Crim. Rep., 63; Moseley v. State, 37 Texas Crim. Rep., 18; Hayden v. State, 38 S. W. Rep., 801.) That the defendant should make his appearance at an impossible time is a condition which, according to these cases, would render the bond a void bond. The judgment nisi describes the bond upon which it is based with particularity and it appears from the same that it is based on a bond containing an impossible date of appearance. The bond thus described is void. The bond actually introduced by the State is a valid bond. Instanter signifies a definite date in law, viz.: within twenty-four hours or within a reasonable time under the circumstances of the particular case. The term is regarded under all the authorities as signifying a definite date. (See Fentress v. State, 16 Texas Crim. App., 79, and 22 Cyc., p. 1072, defining the word "instanter.") Since "instanter" is a definite date, the date given in the judgment nisi, the ........ day of ........, 191.., an impossible date, is not equivalent to instanter and the condition of the bail bond with reference to the time of appearance is thus misstated.

Second. The judgment nisi misstates the condition of the bond with reference to the court before which the defendant should make his appearance. In fact the judgment nisi does not even purport to be based on the bond introduced by the State, but by its express recitals shows that it is based upon another and different bond. The bond introduced by the State is conditioned that the defendant should make his appearance in *Criminal District Court of Dallas County.* The judgment nisi expressly recites that it is based upon a bond containing the condition that the defendant should make his personal appearance before *Criminal District Court No. 2, of Dallas County.* These two courts are entirely distinct. Criminal District Court of Dallas County was created by the Legislature in 1893, while Criminal District Court No. 2 was not created until 1911, and was not in existence at the time this bond was taken. The judgment nisi introduced by the State undertaking to describe in detail every requisite of the bail bond, upon which it is based and this particular description can not be rejected as surplusage. There is no rule of evidence or construction, which authorizes a court to contradict the express recitals of this judgment nisi as to the bond upon which it is based. And since it expressly recites that it is based upon a bond conditioned that the defendant should make his appearance in one court

and the State introduced a bond containing a condition that the defendant should appear in another court, a fatal variance is presented. Not only was there a variance, but the evidence introduced by the State was wholly insufficient to sustain the judgment, for it is well settled that in a scire facias proceeding the court will, on appeal, reverse the judgment if there does not appear in the record a judgment nisi evidencing the breach and forfeiture of the bond relied on. Abbott v. State, 45 Texas Crim. Rep., 514. This is the condition here. The State introduced a bond containing a condition that the defendant should appear before a certain District Court of this State. It introduced a judgment nisi showing the breach and forfeiture of a bond, which, according to the express recitals of the judgment nisi, contained the condition that the defendant should make his appearance before another and different District Court of the State. This judgment nisi was all the evidence introduced by the State to show the breach and forfeiture of the bond relied on, and being wholly insufficient for that purpose, the judgment is not supported by the evidence.

The order of transfer brought up by certiorari showing the transfer of the main proceeding pending against Henry Jackson from Criminal District Court of Dallas County to Criminal District Court No. 2 of Dallas County in no way helps the State's case so far as this variance is concerned. All this order of transfer shows is that Criminal District Court No. 2 had acquired jurisdiction over the case and could enter a forfeiture of any bond previously taken in Criminal District Court of Dallas County. I agree that if this judgment nisi had correctly described the condition of the bond introduced by the State, then this order of transfer would show the jurisdiction of Criminal District Court No. 2 to enter a forfeiture. But such is not the case. The judgment nisi does not recite that it is based upon a bond containing the condition that defendant should appear in Criminal District Court of Dallas County, but on the other hand expressly recites that it is based upon a bond containing the condition that he should appear in Criminal District Court No. 2 of Dallas County. It was necessary for the State to furnish the court some evidence that the bond it introduced had been breached and forfeited. This the judgment nisi does not do, because it expressly recites that it is based upon a bond containing other and different conditions from the bond introduced. If the judgment nisi had described the bond correctly, then with the order of transfer in the record the State's case would have been clearly sustained by the evidence. But it can not be presumed that the recitals of the judgment nisi are incorrect and that it was in fact based on a bond to appear in Criminal District Court of Dallas County.

Third. I am further of the opinion that it appears from the face of the judgment nisi that it is based on a void obligation, viz.: Upon a bond containing a condition that the defendant should make his personal appearance before a court that was not in existence. The bond is dated October 21, 1911, and at that time there was no such court known

to the laws of this State as Criminal District Court No. 2 of Dallas County, Texas. The Act creating that court did not become effective until something like a month later, and, therefore, the judgment nisi recites affirmatively that it is based upon a void obligation in this respect. (See Downs v. State, 7 Texas Crim. App., 483.) It appears from the express affirmative recitals of the judgment nisi, which I have hereinbefore copied, that it is based upon a bond dated October 21, 1911, conditioned that the defendant, Henry Jackson, should well and truly make his personal appearance before the Honorable *Criminal District Court No. 2 of Dallas County,* at the courthouse door in said county, in the City of Dallas, on the ........ day of ........, 191.., and there remain from day to day and from term to term of said court until discharged by due process of law, *then* and *there* to answer the State of Texas, upon a charge by indictment *therein filed,* accusing him of the offense of murder. Now, on the 21st day of October, 1911, there was no such court known to the laws of this State as Criminal District Court No. 2 of Dallas County. It was impossible in law for any valid indictment to be *filed at that time* in said court and impossible for any valid bond containing the conditions above recited to be taken in said court, for the reason that the court itself had no legal existence at that time. Certainly it can not be presumed, in the face of these recitals, that the judgment incorrectly describes the bond, and that it is based upon another and different bond than the one recited. To so presume negatives the very facts stated in the judgment and is not permissible under any principle. The recitals must be accepted as they stand and the validity of the judgment nisi determined in the light of the recitals made. This being true, and the judgment nisi, therefore, being a nullity on its face, and the State having introduced into evidence no valid judgment nisi, evidencing the forfeiture of this bond, fundamental error is presented. Nelson v. State, 44 Texas Crim. Rep., 595.

Fourth. Error is also assigned upon the action of the trial court in allowing the State, after the judgment nisi had been entered and before the final judgment had been entered, to dismiss its case as to the principal, Henry Jackson, and proceed against the appellant as surety. The majority has decided that in this the trial court did not err, and I am unable to agree with this conclusion. Article 497 of the Code of Criminal Procedure is as follows: "When a forfeiture has been declared upon a recognizance or bail bond, the court or clerk shall docket the case upon the civil docket in the name of the State of Texas as plaintiff and the principal and his sureties as defendant, and the proceedings had thereafter shall be governed by the same rules governing other civil actions." This language seems plain enough in itself to indicate conclusively that all procedure in cases such as the one here involved, after the judgment nisi is entered, must be as in civil cases. The statute has been many times construed by this court and it has been uniformly held that, with reference to the matters of pleading, practice and procedure, the trial courts must, in scire facias proceedings, after the judgment nisi has been

entered, follow the civil statutes. See Bailey v. State, 26 Texas Crim. App., 341 (motion for a continuance as in civil cases); Abbott v. State, 45 Texas Crim. Rep., 514 (peremptory instruction may be given in favor of the State in civil cases); Jay v. State, 34 Texas Crim. Rep., 98; Hollenbeck v. State, 40 Texas Crim. Rep., 584; Mara v. State, 39 Texas Crim. Rep., 183 (holding that procedure on appeals with reference to filing of assignments of error, briefing the case, etc., must be as in civil cases). In Holt v. State, 20 Texas Crim. App., 271, it was held that the procedure in civil cases with reference to matters of pleading apply to scire facias proceedings and that, where a plea of non est factum was required, the same would have to be verified as required by Revised Statutes of 1895, article 1265. The rule is also thus clearly stated by Judge Prendergast in Savage v. State, 67 Texas Crim. Rep., 360, 148 S. W. Rep., 534, as follows: "Article 497, Code of Criminal Procedure, requires that where a bail bond has been forfeited, the case would be docketed upon the civil docket in the name of the State as plaintiff and the principal and sureties as defendant, and the proceedings had therein shall be governed by the same rules governing Courts of Civil Appeals. Both the Supreme Court and this court have repeatedly and uniformly held proceedings in such cases as the statutes require shall be governed by the same rule as other civil actions. See the decisions cited under said article 497, and also White's Annotated Code of Criminal Procedure, section 437." It is true that in Jeter v. State, 86 Texas, 555, it is held that a case such as this one is a criminal case so far as the jurisdiction of this court is concerned, and that the appeal must be prosecuted to this court and not to the Courts of Civil Appeals. No case, however, has ever held, since article 497 was enacted, that the procedure in these cases should not be as in civil cases. The question here involved is not the jurisdiction of this court to entertain the appeal as in Jeter v. State, but the question is, ought the trial court to have followed the civil statutes regulating procedure in such cases?

In the beginning, it should be noted that the appellant was sued herein as a surety, as appears from the scire facias. It also appears from the judgment nisi and from the final judgment that the appellant was sued as a surety and judgment taken against the appellant as a surety. It further appears from the final judgment that the State was allowed to dismiss and did dismiss its case as to the principal, Henry Jackson. No pleadings appear in the record to justify this action. Article 1897, of the Revised Civil Statutes, 1911, is as follows: "Discontinuance as to principal obligor. Where a suit is discontinued as to a principal obligor, no judgment can be rendered therein against an endorser, guarantor, surety or the drawer of an accepted bill who is jointly sued, unless it is alleged and proven that such principal obligor resides beyond the limits of the State or in such part of the same that he can not be reached by the ordinary process of law, or that his residence is unknown and can not be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent." The pleading required by this

article was not filed by the State. In First National Bank v. Thurmond, 159 S. W. Rep., 164, the question here presented was discussed and decided, and it was held that this statute is, by its plain terms, mandatory and requires that, before the order of dismissal shall be entered, the State shall file a pleading setting up one or more of the grounds named in this statute for such dismissal and, further, that when on appeal it appears that the case has been dismissed as to the principal and the order of dismissal in the record and the pleading justifying such action under this statute does not appear to support the order of dismissal, fundamental error is presented. That case was reversed by the court on account of the failure of the record on appeal to show this pleading. The authorities cited in the opinion clearly support this conclusion. The majority holds that these civil statutes do not apply. I disagree with that conclusion. Article 497 plainly provides that the court, after the judgment nisi is entered, shall proceed as in civil cases. The civil statutes recognize in many different ways the peculiar rights of a surety. The article last quoted provides that the suit shall not be dismissed as to the surety in a civil proceeding until a pleading has been filed alleging one or more of the reasons named in that article for such dismissal. I am unable to follow the reasoning which says that we can disregard article 497, which provides that the procedure in these cases shall be as in civil cases. The case of Gay v. State, cited to support the conclusion of the majority, is not in point. When that case was decided, article 497 had not been enacted and was not enacted until many years thereafter. There was no criminal statute at that time requiring the procedure in these cases to be as in civil cases and, therefore, the point here presented was not involved in the Gay case. I do not understand how we can, under the authority of this case, overrule an express statute directing the trial court in these cases to follow civil procedure. Even if the Gay case be regarded as sound law at the time it was decided, still it can be of no force when it appears that it is in conflict with a statute enacted since the opinion was handed down. I may add, in this connection, that, in addition to what is above said, it appears that the appellant excepted to the action of the trial court at the time the order of dismissal was entered and has brought up the question by way of bill of exception.

These reasons, to my mind, supported as they are by authority and by sound principle, justify and require a reversal of the judgment of the court below, and I therefore dissent from the opinion of the majority.