**A.L. ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–87–165–CV.**

Court of Appeals of Texas,
Fort Worth.

April 27, 1988.

Danny D. Burns, Fort Worth, for appellant.

Dana M. Womack, Asst. Dist. Atty., Tim Curry, Crim. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

### OPINION

LATTIMORE, Justice.

Appellant, A.L. Roberts, appeals from an order of the trial court granting the State's motion for new trial in a bond forfeiture proceeding.

We affirm.

On July 14, 1985, appellant, as surety, executed an appearance bond on Robert Coleman Brazel. On September 9, 1985, Brazel failed to appear in court, and the trial judge entered a judgment nisi. On November 10, 1986, the court dismissed Brazel's bond forfeiture, and assessed costs against appellant surety at $81. On November 19, 1986, the State filed a motion for new trial and a request for findings of fact and conclusions of law. On December 30, 1986, the court granted the State's motion for new trial. On May 5, 1987, the court retried the bond forfeiture suit and ordered that the judgment nisis entered on September 13, 1985, be made final. The court further ordered that the State recover $3,000 and court costs from appellant and Brazel, jointly and severally. On May 29, 1987, Brazel filed a motion for new trial alleging he was deprived of a fair hearing due to not being represented by counsel on November 10, 1986, and that he had been arrested and brought before the court as a result of appellant's efforts. On June 29, 1987, the trial court denied the motion for new trial.

In his sole point of error, appellant contends that the trial court erred in granting the State's motion for new trial because only the defendant may seek a new trial in a criminal proceeding.

■ Appellee's reply point notes that appellant waived any error of the trial court by failing to raise the issue in his motion for new trial. Rule 52(a) of the Texas Rules of Appellate Procedure as adopted by the Texas Court of Criminal Appeals provides in part:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

TEX.R.APP.P. 52(a). Although appellant's sole point of error is not present in his motion for new trial, appellant's counsel argued the issue to the court during the course of the hearing. The ruling of the trial court was not specific, but it is clear from the record that appellant's contention was overruled. We conclude that such objection made to the trial court during the hearing on appellant's motion for new trial sufficiently apprised the trial court of the alleged error and gave it the opportunity to rule on the matter which appellant is raising in his sole point of error. *See Whitaker v. Vastine*, 601 S.W.2d 398, 401 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.). Therefore, appellant did not waive his right to appeal on this point.

■ In reviewing appellant's argument, we find no merit in his contention. An appearance bond forfeiture proceeding is a criminal action, but after entry of a judgment nisi, all proceedings, unless otherwise provided, are governed by the same rules as govern civil cases. *See Tinker v. State*, 561 S.W.2d 200, 201 (Tex.Crim.App. [Panel Op.] 1978); *see also Blue v. State*, 170 Tex.Cr.R. 449, 341 S.W.2d 917, 919 (1960); TEX. CODE CRIM.PROC.ANN. art. 22.10 (Vernon Pamph.Supp.1988). After the forfeiture of a bond, sureties may answer in order to show cause why the defendant did not appear. TEX. CODE CRIM.PROC. ANN. art. 22.11 (Vernon 1966). Collection of the amount assessed against a principal or his surety shall be collected by execution as in civil actions. TEX. CODE CRIM. PROC.ANN. art. 22.14 (Vernon Pamph. Supp.1988). Furthermore, where an appeal is taken on a bond forfeiture or a writ of error sued out, the Rules of Civil Proce-

dure will govern in these situations as well. TEX. CODE CRIM.PROC.ANN. art. 44.44 (Vernon Supp.1988).

Pursuant to the Rules of Civil Procedure, "new trials may be granted and judgment set aside for good cause...." TEX.R.CIV. P. 320. The State's motion alleged: lack of notice on the part of the court in dismissing the prior bond forfeiture suit; failure to make a record of the court in order to preserve the right of appellate review; and that the court improperly dismissed the suit by conducting judicial business while not sitting at court. Pursuant to the State's motion, the trial court granted the State's request for a new trial on November 29, 1986. We find the trial court, in following the Rules of Civil Procedure as required by the Texas Code of Criminal Procedure, had the authority to grant the State a new trial. *See Brewer v. State*, 576 S.W.2d 404, 405 (Tex.Crim.App. [Panel Op.] 1979).

■ Appellant maintains that the Texas Court of Criminal Appeals has no civil jurisdiction, and the action is criminal in nature; therefore, the State may not appeal. That court has previously held that it has jurisdiction to entertain an appeal arising from a bond forfeiture proceeding wherein a surety was seeking to recover some or all of the amount of a bond. *See Williams v. State*, 707 S.W.2d 40, 42 (Tex.Crim.App. 1986); *see also* TEX. CODE CRIM.PROC. ANN. art. 22.16 (Vernon Pamph.Supp. 1988). The proceedings were directly related to the original criminal case and are, therefore, properly within that court's jurisdiction as a matter that is "criminal in nature." *See Williams*, 707 S.W.2d at 42; *see also General Bonding & Casualty Ins. Co. v. State*, 73 Tex.Crim. 649, 165 S.W. 615 (1914); TEX.CONST. art. V, sec. 5. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.